IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

KHRISTOFFER MANDELL HEARRON                                                            PLAINTIFF

VERSUS                                                     CIVIL ACTION NO. 5:06cv165-DCB-MTP

WARDEN BYRD                                                                              DEFENDANT

OPINION AND ORDER

Upon further consideration of the records in this action, the court finds that an order [7-1] was entered on February 16, 2007, denying the plaintiff's request to proceed in forma pauperis and requiring plaintiff to pay the full filing fee of $350.00 within 30 days.  Plaintiff was warned that his failure to timely comply with the requirements of the order could lead to the dismissal of his lawsuit.  A copy of the order was mailed to the plaintiff at his last known address.

When the plaintiff failed to comply with the order [7-1] of February 16, 2007, an order to show cause [8-1] was entered on April 25, 2007, directing the plaintiff to respond on or before May 11, 2007, and explain why this civil action should not be dismissed for the plaintiff's failure to comply with the order [7-1] of this court.  According to the docket entries, the plaintiff has not complied with the orders of this court.  Additionally, this court finds that he has not contacted this court since February 7, 2007.

Although more than 60 days have elapsed since the deadline for complying with the order to show cause, the plaintiff has failed to communicate further with the court, either to inquire as to the status of his case or to attempt to comply with the court's orders.  The plaintiff's failure to comply with an order of this court or to otherwise communicate with this court indicates his lack of interest in pursuing this claim.

This court has the authority to dismiss an action for the plaintiff's failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action sua sponte. See Link v. Wabash Railroad, 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988).

The court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court. Link, supra, 370 U.S. at 630.

Since the defendant has never been called upon to respond to the plaintiff's pleading, and has never appeared in this action, and since the court has never considered the merits of plaintiff's claims, the court's order of dismissal should provide that dismissal is without prejudice. Shaw v. Estelle, 542 F.2d 954 (5th Cir. 1976).

A final judgment in accordance with this opinion and order will be entered.

This the   10th   day of July, 2007.


                                                s/ David Bramlette
                                     UNITED STATES DISTRICT JUDGE